Cooley, Ch. J.-
This is an action upon a covenant contained in an assignment of a mortgage by the defendant Lawrence to John N. Marks. The covenant was, that Lawrence had “good right and lawful authority to grant, bargain and sell” the mortgage, as by the assignment he assumed to do, and the ^breach was made out by showing that he had previously released a considerable proportion of the mortgaged premises from the lien of the mortgage, which fact he failed to disclose to Marks. The latter afterwards assigned to plaintiff with like covenant, and the assignment contained the following clause: “and I do hereby authorize and appoint the said party of the second part my true and lawful attorney, irrevocable, in my name or otherwise, but at his own proper costs and charges, to have, use and take all lawful ways and means for the recovery of the sum or sums of money now due and owing upon the said mortgage; and in case of payment to give acquittance or other sufficient discharge as fully as I might or could do if these presents were not made.”
I. The plaintiff claims that this assignment transferred to him whatever claim Marks had against Lawrence upon the covenant. This is contested, but we think unsuccessfully. The *435 intention of Marks to transfer not only the mortgage but all collateral rights he could possibly have in respect to the same is plain enough, and as a consideration appears, nothing more was essential. One of the means necessary for the recovery of the moneys owing on the mortgage proved to be a resort to this very covenant, by means of which Lawrence had made himself responsible for any deficiency which might result from his secret release.
II. Plaintiff foreclosed the mortgage on the lands not released, had them sold under decree, and realizing less than the amount due, took an execution against the mortgagor for the deficiency, which was returned unsatisfied. These proceedings were received in evidence in the present suit, against the objection of the defendant that they were res inter alios. We think they were admissible to show that legal proceedings for the collection of the demand had been taken, which had proved ineffectual to satisfy the demand. To that extent they were clearly admissible; and we do not understand the court below treated them as conclusive either of the amount due, or of the value of the land sold under the decree.
III. The assignments of the mortgage spoke of a bond accompanying the mortgage, but none was produced, and the referee found as a fact that none was ever given. It is objected that this finding was against the evidence, but we think he was well warranted in it. An exception was also taken to certain evidence received to show the value of the land covered by the mortgage; but we think it was rightly received.
IY. It is contended that the covenant by defendant, that he had good right and authority to sell and convey the mortgage, was not broken by the existence of the previous release. We have already intimated a different view. The plain meaning of this was, that he had good right and authority to convey the mortgage as an existing lien on the land described therein; as a valid instrument according to its terms, and not as a mere paper, the force and validity of which as an effective instrument he had previously destroyed or impaired. A point is made that the defendant acted in good faith and referred his assignee to proper *436 sources of information regarding the security; but in an action on the covenant this is immaterial. Good faith in making a contract does not entitle a party to defend against a breach of it.
The judgment must be affirmed, with costs.
The other justices concurred.